UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE ANN CLARK, | ) | CASE NO. 4:16-cv-2959 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| MAHONING COUNTY JAIL, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

*Pro se* Plaintiff Michelle Clark has filed this *in forma pauperis* civil rights action against the Mahoning County Jail, stating she "would like to be awarded for being stripped of her civil rights." (ECF No. 1 at 5.) The only allegations she sets forth in her complaint, however, are:

> I was mistreated while incarcerated at Mahon[ing] County Jail. I was starved for days, forced to eat out of the garbage, and my medication was withheld.

(*Id*. at 3.)

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). *Pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* actions and dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to avoid a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Court finds this action must be dismissed pursuant to § 1915(e)(2)(B). Even liberally construed, plaintiff's generalized allegations are simply insufficient to suggest she might have a plausible federal civil rights claim.

First, her allegations are insufficient to raise a right to relief above a speculative level. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Second, the only defendant named in the case, the Mahoning County Jail, is not a legal entity capable of being sued for purposes of a civil rights action, and there are no allegations suggesting the wrongful conduct she alleges was caused by an official policy or custom of Mahoning County itself. *See Jackson v. Mowry*, No. 1:12 CV 3083, 2013 WL 526916, at *3 (N.D. Ohio Feb. 11, 2013) (dismissing civil rights claim against county jail); *Boggs v. Miami Cnty. Jail*, No. 3:11 CV 00122, 2011 WL 3813079, at *2 (S.D. Ohio Aug. 9, 2011) (a county jail "is merely an administrative vehicle" by which a county operates and therefore "lacks the capacity to be sued"), report and recommendation adopted, No. 3:11 CV 00122, 2011 WL 3813033 (S.D. Ohio Aug. 29, 2011).

**Conclusion**

Accordingly, plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted, but for the reasons stated above, her action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 14, 2017

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**